UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVENCIO ESCALONA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:24-cv-00049-CDB (SS)<br><br>ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND 28 U.S.C. § 1920<br><br>(Doc. 19) |

    Pending before the Court is the parties' stipulation for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 19).  The parties agree to an award of attorney's fees to counsel for Plaintiff Jovencio Escalona ("Plaintiff"), should be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the Commissioner shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, Francisco Benavides.  *Id*. at 2.  Plaintiff's stipulated motion requests $8,500.00 in fees and expenses pursuant to the EAJA, 28 U.S.C. § 2412(d).  *Id*. at 1.  Additionally, counsel requests costs in the amount of $405.00 under 28 U.S.C. §1920.  *Id*.

    On June 11, 2024, the Court granted the parties' stipulated motion for a voluntary remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for

1  further administrative proceedings. (Doc. 17). Judgment was entered the same day. (Doc. 18).
2  On June 28, 2024, Plaintiff filed the pending stipulation for attorney fees and costs. (Doc. 19).

3  Plaintiff requests an award of attorney fees and expenses as the prevailing party. *Id*.; *see*
4  *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-
5  four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely.
6  *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). The Commissioner does not oppose the
7  requested relief. (Doc. 22).

8  The EAJA provides for an award of attorney fees to private litigants who both prevail in
9  civil actions (other than tort) against the United States and timely file a petition for fees. 28
10 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing
11 party unless it finds the government's position was "substantially justified or that special
12 circumstances make such an award unjust." *Id*. Here, the government did not show its position
13 was substantially justified and the Court finds there are not special circumstances that would
14 make an award unjust. Moreover, the government does not oppose Plaintiff's stipulated
15 request. *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal.
16 Jan. 23, 2018) (finding position of the government was not substantially justified in view of the
17 Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL
18 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

19 Plaintiff requests an award of $8,500.00 in EAJA fees. (Doc. 19). The Ninth Circuit
20 maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for
21 increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-
22 77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the published maximum hourly
23 rate (244.62),[1] the requested award would amount to approximately 35 hours of attorney time
24 (not accounting for any paralegal time expended). The Court finds this reasonable and
25 commensurate with the number of hours an attorney would need to have spent reviewing the
26 certified administrative record in this case (3446 pages) and preparing a motion for summary
27
28     [1] *Statutory Maximum Rates Under the Equal Access to Justice*, available at
   https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 1, 2024).

judgment that raises five issues for the Court's review. (Doc. 10). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. (Docs. 17-18).

Under the EAJA, the Court also may award a judgment of costs to the prevailing party. 28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920). Costs include, among other things, court filing fees. *See* 28 U.S.C. § 1920; *Armstrong v. Astrue*, No. CW-S-07-1456-DAD, 2008 WL 2705023, at *2 (E.D. Cal. Jul. 9, 2008) (granting prevailing plaintiff's request for reimbursement of filing fee).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's stipulated request for attorney's fees and costs pursuant to the EAJA (Doc. 19) is GRANTED; and
2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $8,500.00 and costs in the amount of $405.00, pursuant to the terms set forth in the parties' stipulation. (Doc. 19). Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, as set forth in the stipulation.

IT IS SO ORDERED.

Dated: **July 1, 2024**

UNITED STATES MAGISTRATE JUDGE

3